### STATE v. PINCKNEY.

1. MAGISTRATE—JURY.—It is not error for a magistrate to tell a newly appointed constable how to prepare a jury list and who are liable to jury duty.
2. SELLING PROPERTY UNDER LIEN.—Jury may infer from delivery by renter to landlord of cotton under two liens, and application by him of balance after paying rent to open account, that it was so applied by landlord as agent of renter and at his request, and may convict of selling property under lien.
3. IBID.—JURISDICTION OF MAGISTRATE of selling property under lien is determined by value of property sold and not by amount of lien debt.

Before MEMMINGER, J., Colleton, August, 1905. Reversed.

Indictment against Tobe Pinckney for selling property under lien. From order affirming judgment of magistrate, defendant appeals.

*Mr. J. S. Griffin,* for appellant, cites: *Question of jurisdiction may be raised at any time:* 19 S. C., 218. *And can not be waived:* 53 S. C., 198. *Magistrate had no jurisdiction:* Crim. Code, sec. 337.

*Solicitor W. St. Julien Jervey,* contra, cites: *Objection to jury after one sworn comes too late:* Code 1902, 2046. *If there be any evidence to sustain verdict, it will not be disturbed:* 1 S. C., 1; 11 S. C., 195. *As to jurisdiction of magistrate:* Crim. Code, sec. 336.

June 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted in a magistrate's court of selling cotton upon which he had given an agricultural lien. On appeal the Circuit Court held the magistrate had commited no error except in imposing' an unduly severe sentence, which was accordingly modified.

By his first exception, the defendant insists the judgment should be reversed because the magistrate assisted the constable in preparing the list from which the jury was drawn. The record discloses no facts on this subject except the statement in the report of the magistrate, that he "had a new constable who did not know how to prepare and draw a jury, and told him how to do it, and who was liable for jury duty." This furnishes no ground for an inference that the magistrate himself wrote or even suggested the names on the jury ballots which the law requires the constable to prepare.

The remaining exceptions relate to defendant's averments, (1) that there was no evidence of disposition by him of property subject to lien, and (2) if there was any such evidence the magistrate was without jurisdiction, because the value of the cotton was conclusively shown to be over $20.

It appeared from the testimony that the defendant was a renter and his crop was subject to a rent lien for $18. The prosecutor had a lien for advances for $25. The defendant carried a bale of cotton to the gin of the landlord, which was ginned and sold by the landlord, who applied the proceeds, as the defendant told the prosecutor, to the rent lien and an unsecured open account. The landlord had no right to take the cotton into his possession or to

dispose of it without the consent of the owner, and as there was no evidence that the defendant made any objection to this course of dealing, it may be the jury could infer the disposition of the cotton was made by the landlord as the agent of the defendant and at his request. Such a disposition by the defendant of cotton subject to the prosecutor's lien without his written consent would be criminal, unless followed by payment of the debt or deposit of the amount of it, as required by the statute. We cannot, therefore, say there was no evidence of an unlawful disposition by the defendant of property subject to a lien.

The question of jurisdiction is more serious. The jurisdiction of the magistrate is determined not by the amount of the lien debt but by the value of the property sold. Here the property disposed of was one bale of cotton, proved to be worth more than $20. The landlord did not have a lien on any particular portion of the bale to the exclusion of the prosecutor, but each had a lien on the entire bale in the order of statutory priority. Hence, if there was an unlawful sale or disposition, it was of a single article of property worth more than $20, and of such an offense the magistrate had no jurisdiction. There was testimony to the effect that the defendant said he had made and had in his possession another half bale of cotton, but there was no evidence whatever that he had disposed of this at the time of the trial. Hence the conviction cannot be sustained by referring it to any unlawful disposition of this portion of the crop, which was worth probably less than $20.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.