## LAWTON v. SEABOARD AIR LINE RY.

DAMAGE TO LAND BY OVERFLOW FROM EMBANKMENT.—The negligent construction and maintenance of an embankment across a natural stream by which lands of another are flooded is continuous in its nature, and action may be brought for damages to the land after six years from its construction, and damages awarded for the six years before commencing the action.

Before PURDY, J., Hampton, Fall Term, 1905 Affirmed.

Action by W. H. Lawton against Seaboard Air Line Ry. Defendant appeals from judgment for plaintiff.

*Messrs. Lyles & McMahan* and *James W. Moore,* for appellant. The former cite: Code of Proc., 112; 24 Ency., 788; 47 S. C., 487; 67 S. C., 194; 71 S. C., 158.

*Messrs. W. B. DeLoach* and *W. S. Smith,* contra.

August 16, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff through the defendant's negligent construction of an embankment across

a water course, in consequence of which the plaintiff's lands were injured. The complaint alleges, that on or about the         day of May, 1897, the South Bound Railroad Co. negligently constructed an embankment on its right of way, over and across Meeting House Branch—a natural water course running through plaintiff's land, having a well defined channel, with bed, sides and bank. That in the erection of said dam, the South Bound Railroad Co. neglected to build a culvert, or any opening whatever, through which the said waters could flow. That said embankment was erected to a height of about fifteen feet, and since its construction it has been maintained and continued, as originally constructed, whereby said stream was deflected from its natural channel and thrown back upon the plaintiff's lands. That on or about the         day of May, 1901, the South Bound Railroad Co. merged and consolidated its capital, stock and franchises with those of the Seaboard Air Line Railway Co., under the name of the latter corporation, which became the owner of the property, and subject to all the duties and liabilities of the South Bound Railroad Co.

The defendant relied upon the statute of limitations, and in its answer alleged as a defense, that the cause of action did not accrue within six years before the commencement of the action.

It seems that the action was commenced in September, 1904.

The jury rendered a verdict in favor of the plaintiff for $500, and the defendant appealed upon a single exception, which is as follows: "Because, upon defendant's request to charge as follows: 'If the injury complained of occurred six years before the commencement of this action, you must find for the defendant railway,' his Honor modified the same by saying: 'I charge you, adding this: "If the railroad company here has obstructed a water course, as charged in the complaint, and damage has resulted to Mr. Lawton from that source, under the law as I have given it to you and under the facts, then you could not consider any damages that ac-

crued to Mr. Lawton six years before the commencement of this action, because the statute bars any recovery where it is brought beyond six years. If any damages have accrued since that time, you could consider them, but nothing beyond a period of six years,' " thereby indicating that although the injury and wrong complained of had occurred more than six years before the commencement of the action, if damages had resulted to the plaintiff within the six years, the jury might consider the same and allow compensation therefor."

The vital question in the case is, whether the alleged negligent construction of the embankment across the water course, whereby the plaintiff's lands were overflowed and damaged, was a wrong, continuous in its nature.

The facts in the case of *DeLaney* v. *Ry.*, 58 S. C., 357, 359, 36 S. E., 699, were very similar to those in the case under consideration. Mr. Justice Jones, who delivered the opinion of the Court, used this language: "It should not be understood that Hammond's case (16 S. C., 574,) meant to assert that in *every* action against the grantee for the continuance of a nuisance created by the grantor, it was essential to allege and show that the grantee *increased* the obstructions continuing the nuisance. That is merely one way by which the delict of defendant may be shown, and was a proper way under the complaint in that case. We understand it also to be the law in this State, that the grantee or lessee of the creator of an obstruction constituting a private nuisance, has no duty to remove said obstruction, until after notice and demand for removal; but after such notice and demand, the continuance of the nuisance becomes a nuisance, and the duty to remove or compensate arises."

In *Elliott* v. *Rhett*, 5 Rich., 405, 420, the Court says: "Where a defendant was not the original creator of the disturbance of an easement, an action will not lie against him, until he has been requested to remove the cause of the disturbance which is on his land."

In Angell on Water Courses, 103, the doctrine is announced as follows: "Where a dam was erected and land in

consequence flowed by the grantor of an individual, the grantee will not be liable for the damages in continuing the dam and flowing the land as before, except on proof of notice of damage, and of a special request to remove the nuisance."

In the case of *Leitsey* v. *Water Power Co.,* 47 S. C., 464, 25 S. E., 744, it appeared that the dam was constructed and the water raised in the channel of the river by the grantors of the defendant; and that the defendant was not the creator of the alleged nuisance. The alleged grievances were caused by the "keeping up, maintaining and continuing the dam," after notice of the nuisance, and request for its removal, were received by the defendant. The Court said: "It is clear that the complaint alleges injury after, as well as before, the notice to remove the nuisance, and up to the commencement of the atcion," and held that the demurrer on this ground was properly overruled.

These authorities conclusively show that the alleged wrong was *continuous* in its nature; and that it was not alone the original negligent construction of the embankment that was capable of giving rise to a right of action.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.