7780

STATE v. PERRY.

1. Disposing of Property Under Lien.—An indictment for disposing of property under lien should allege the value of the property, but need not allege the name of the person to whom sold.

2. Ibid.—Chattel Mortgage.—Admission in evidence of a chattel mortgage executed by two persons supports an allegation that one of them executed it.

3. CHATTEL MORTGAGES.—It is held that the chattel mortgage here objected to substantially complies with the requirements of section 3002 of Code, as it substantially describes in writing the property mortgaged, and when viewed as a whole leaves no doubt as to the mortgagees.

4. DISPOSING OF PROPERTY UNDER LIEN.—If property mortgaged is removed from the place where produced with intention of selling it in another county, and it is there actually sold, it is a violation of Criminal Code, 337, prohibiting sale of property under lien.

Before WATTS, J., Saluda, March, 1910. Reversed.

Indictment against M. H. Perry for disposing of property under lien. Defendant appeals.

*Messrs. Thurmond & Ramage,* for appellant, cite : *Indictment charges selling in Saluda county:* 11 So. 200. *Removing cotton is not a crime:* 57 S. C., 264; 43 S. C. 201; Crim. Proc. 11; 57 Cal. 374; 22 Minn. 78. *Value of property should be alleged:* Bish. Cr. Prod. secs. 540, 541, 567, 488b; 7 Blackf. 168; 37 Tex. 359; 66 Barb. 131; 1 Tex. App. 522; 42 Ala. 396; 50 Ala. 139; 35 Tex. 15; 39 Ill. 223; 8 Port. 447; 31 Cal. 451; 2 Hale Pleas of Crown 183; 9 Rich. 432. *Variance between paper alleged and proved is fatal:* 5 Rich. 10; 2 McM. 15; Ell. on Ev., sec. 200; Clark's Crim. Proc. 333.

*Solicitor George B. Timmerman,* contra. Oral argument.

February 22, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Appellant was indicted for selling and disposing of personal property under mortgage or lien in violation of section 337 of the Criminal Code, and, upon conviction, was sentenced to imprisonment in the penitentiary for six months, or a fine of one hundred dollars.

The first question presented is whether there was error in overruling the demurrer to the indictment. Omitting formal matters, the indictment charged:

"That M. H. Perry on the first day of November in the year of our Lord one thousand nine hundred and nine with force and arms, at Saluda, in the county of Saluda and State of South Carolina, did wilfully and unlawfully sell and dispose of certain personal property to wit: Two bales of cotton and one horse and one mule over which a lien existed, that is to say: a certain chattel mortgage in favor of Reid & Chapman, a firm composed of G. T. Reid and A. W. Chapman made and duly executed by M. H. Perry to secure payment of one hundred and seventy-five dollars, and that the said M. H. Perry did not then and there have the written consent of the lienee, nor did he, the said M. H. Perry pay the debt secured by said chattel mortgage within ten days after sale, nor did he within said period deposit the amount of said indebtedness secured by said chattel mortgage with the clerk of the Court of Common Pleas for the county of Newberry, in which the mortgage debtor then resided, the said M. H. Perry then and there well knowing said lien to exist, against the form of the statute, etc."

The solicitor announced that the evidence would be confined to the sale and disposal of the cotton.

The grounds of demurrer were:

1st. That the property, two bales of cotton, is not alleged to be of any value whatsoever.

2d. That the nature and character of the offense is not sufficiently described in the indictment in that it fails to state the names of the person, corporation or firm to whom the cotton was sold.

Section 337 provides: "Any person or persons who shall sell or dispose of any personal property on which any mortgage or other lien exists, without the written consent of the mortgagee or lienee or the owner or holder of such mortgage or lien and shall fail to pay the debt secured by the

same within ten days after such sale or disposal, or shall fail in such time to deposit the amount of the said debt with the clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor and on conviction thereof shall be imprisoned for a term not more than two years or be fined not more than five hundred dollars, or both, in the discretion of the Court: *Provided,* That the provisions of this section shall not apply in cases of sales made without knowledge or notice of such mortgage or lien by the person so selling such property: *Provided, further,* That when the value of such property does not exceed twenty dollars, the punishment shall not exceed a fine of one hundred dollars, or imprisonment not exceeding thirty days."

Under our construction of this statute the value of the property disposed of is material in determining the grade of the offense and the punishment prescribed therefor. It in effect creates two offenses, one disposing of personal property under lien when the property does not exceed twenty dollars in value, punishable by a fine of one hundred dollars or imprisonment not exceeding thirty days, and this offense is within the jurisdiction of a magistrate. *State* v. *Pinckney,* 74 S. C. 447, 54 S. E. 606. The other offense is disposing of personal property under lien when the property exceeds twenty dollars in value punishable by imprisonment not more than two years or a fine of not more than five hundred dollars, or both, in the discretion of the Court, and offense exclusively within the jurisdiction of the Court of General Sessions. Whenever the value of property is material it should be alleged in the indictment. *State* v. *Gossett,* 9 Rich. 432; Clark's Criminal Pro. 226. This is well settled procedure in indictment for larceny where the distinction between grand and petit larceny depends upon the value of the property stolen. Nor do we think this requirement is dispensed with by the provisions of section 56 of the Criminal Code declaring, "Every indictment shall

be deemed and judged sufficient and good in law which in addition to allegations as to time and place as now required by law charges the crime substantially in the language of the common law or of the statute providing the same, or so plainly that the nature of the offense charged may be easily understood, etc." This indictment is not substantially in the language of the statute, for it contains no allegation of the material matter of value prescribed in the statute, and the nature of the offense, which is dependent upon the value of the property alleged to have been disposed of, is not made so plain as to be easily understood. A different construction of the statute would require the Court to dispense with allegations of value in an indictment for larceny. The offense should be so plainly stated in the indictment as to enable the Court looking alone to the indictment and the verdict to impose the sentence prescribed by law.

We do not regard it essential under the statute to name the party to whom the property was sold. This might be impossible in the case of clandestine sales, and yet the fact of sales be shown by admission of the defendant or by circumstances which fall short of the disclosure of the party to whom sold.

There was no error in admitting in evidence the chattel mortgage executed by M. H. Perry and Sam Perry to Reid and Chapman in support of the allegation that M. H. Perry the defendant executed the mortgage. The fact that another also signed the mortgage does not constitute a material variation between the allegation and proof.

Contention is made that there was error in admitting the mortgage in evidence: (1) because the land upon which the crops were to be grown was not described as prescribed by law; (2) because the word "acres" after "35 cultivated" was printed; (3) the words Reid and Chapman were omitted after the granting clause. Section 3002 Civil Code provides: "No chattel mortgage shall be

valid or good to convey any interest or right whatever to the mortgagee unless the property mortgaged shall be described in writing, or typewriting but not printing, on the face of the mortgage, nor shall any prosecution lie for selling any property under the lien of such mortgage, unless the property shall be described in writing or typewriting, but not printing, on the face of such mortgage." The portion of the mortgage relied upon as the basis of the exception is: "have granted, bargained, sold and released unto........ successors and assigns all our *crop cotton, cotton seed, corn, fodder, oats and all other produce on said* grown and to be grown on said land above described during the present year *35 cultivated* acres on Pitts bounded by lands of *John Logan, Royal Bouk and others,* etc." The words which we have italicised are in writing and the other words are printed. We think this substantially describes in writing the property mortgaged. The instrument also when viewed as a whole makes it absolutely certain that Reid and Chapman are the mortgagees.

The remaining question discussed is whether there was error in refusing a new trial on the ground that there was no evidence to show a sale or disposition of the property in Saluda county. There was testimony that defendant admitted that he sold one bale of cotton grown upon the land described in the mortgage and there was testimony that he was seen in a wagon with two bales of cotton about two miles from his home in Saluda county going towards Batesburg in Lexington county, but there was no evidence that the sale was made outside Saluda county. The argument that a mere removal of property within the county of Saluda is not a violation of the statute is not applicable to the case presented, which involves not merely a removal but an actual disposition of the property. If it should be conceded that the cotton was removed from the place where produced in Saluda county, with intention to dispose of it in Lexington county, and was sold or disposed

of in the latter county, the statute would be violated in either county, for the act of removal is inseparably connected with the disposition, an essential part of it, and within the prohibition of the statute.

It may be that a mere removal of property subject to a lien for the better protection of the property and the lien may be regarded as innocent and not within the purview of the statute, as suggested in *Whaley* v. *Lawton,* 57 S. C. 264, but a very different matter arises where the removal is for the purpose of sale or disposition and culminates in a disposition of the property. *State* v. *Rice,* 43 S. C. 200, 20 S. E., 986; *State* v. *Haynes,* 74 S. C. 455, 55 S. E. 128.

The judgment of the Circuit Court is reversed for failure to sustain the demurrer upon the ground first stated.