### 8054

### STATE v. GLOVER.

ASSAULT AND BATTERY—JURISDICTION OF MAGISTRATE.—Trial and sentence by magistrate of assault and battery with a brickbat held to be within the jurisdiction of the magistrate, as the punishment necessary did not exceed the jurisdiction of magistrate.

Before GAGE, J., Charleston, June, 1911.  Affirmed.

Indictment against Peter Glover before W. D. Hamlin, magistrate.  Defendant appeals from Circuit order affirming judgment of magistrate.

*Mr. E. F. Smith,* for appellant, cites: *Magistrate had no jurisdiction of this offense:* 43 S. C. 3.  *Dropping of pistol shows defendant acted in self-defense:* 3 Green. Ev., sec. 55.

*Evidence shows prosecutor was the aggressor:* 1 Ency. Ev. 1013; 77 N. W. 327; 10 N. E. 250; 111 Ala. 23.

*Solicitor John H. Peurifoy,* contra.

December 13, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant was tried before Magistrate W. D. Hamlin without a jury and was found guilty on a warrant charging that defendant did assault and strike Sam Green with a brickbat. The defendant appealed to the Circuit Court mainly on the ground that the magistrate had no jurisdiction of the case, an assault and battery of a high and aggravated nature. Judge Gage sustained the jurisdiction of the magistrate and affirmed the judgment and sentence, which was a fine of twenty-five dollars or thirty days at hard labor on the public works of the county. The appeal relates only to the question of jurisdiction.

Section 13 of the Criminal Code, relating to magistrates, provides: "They may punish by fine not exceeding one hundred dollars, or imprisonment in the jail or house of correction not exceeding thirty days, all assaults and batteries, and other breach of the peace, when the offense is not of a high and aggravated nature, requiring in their judgment, greater punishment."

The case of *State* v. *McKittrick,* 14 S. C. 454, approved in *State* v. *Burch,* 43 S. C. 3, 20 S. E. 758, in construing this statute, held that it leaves it to the magistrate in the first instance to determine whether he will take jurisdiction to try a case of assault and battery where circumstances of aggravation are alleged, but that such determination is not conclusive and is reviewable in the Circuit Court.

We are bound to assume that the Circuit Court concurred with the magistrate in the view that the circumstances of the

case. did not require a sentence beyond the jurisdiction of the magistrate to impose. We cannot say that there was error of law or abuse of discretion in the judgment of the Circuit Court.

Judgment affirmed.