## 8608

### KEELS v. CITY OF SUMTER.

LARCENY—JURISDICTION.—THE CITY RECORDER of the city of Sumter has no jurisdiction to try and sentence one for petit larceny.

Proceeding in *habeas corpus* before Mr. Justice Fraser, Sumter. Affirmed. The order of Mr. Justice Fraser appealed from by the City of Sumter is:

"This is a proceeding in *habeas corpus*. The defendant was convicted by the recorder of the city of Sumter upon six charges of petit larceny and sentenced to thirty days for each offense. There was included in the indictment a charge of carrying concealed weapons. The defendant was also convicted of this offense. The alternative was given in each case of paying a fine. The defendant paid the fine for carrying concealed weapons. The city of Sumter has an ordinance against carrying concealed weapons, but none against larceny. The prisoner raises the question of jurisdiction of the recorder to try offenses other than

violations of the ordinances of the city. It is conceded that Sumter is a city of more than two thousand inhabitants and less than twenty thousand inhabitants. I hold that the recorder of the city of Sumter has no jurisdiction to try prisoners for offenses other than offenses against the ordinances of the city of Sumter. It is, therefore, ordered that the defendant, Jno. Keels, be discharged from custody under the commitment by the recorder of Sumter and that unless he be held under some other authority he be discharged from custody and allowed to go hence without day."

*Messrs. Lee & Moise,* for appellant.

*Messrs. H. D. Moise* and *H. S. Merriman,* contra.

July 12, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The agreed statement of facts in this case shows that John Keels was tried by the recorder of the city of Sumter in 1913, on six charges of petit larceny and convicted on all the charges and sentenced to thirty days' imprisonment on the county chain gang for the county of Sumter, or pay a fine of one hundred dollars in each case.

Keels having been committed to the county chain gang a petition for a writ of *habeas corpus,* in the usual form, was taken before Justice Fraser, based upon the lack of jurisdiction of the recorder of the city of Sumter, to try and punish the defendant (respondent here) for petit larceny, upon the ground, that the city of Sumter had no ordinance prohibiting the same, and that the recorder's powers extended only to the punishment of offenses against the ordinances of the said city of Sumter. Justice Fraser issued the writ and heard the case, and sustained the contention of Keels, and ordered his discharge from custody. This order of Justice Fraser should be set out in the report of the case. From this order the city of Sumter appeals, and the exceptions practically

raise but one point: Did his Honor, Justice Fraser, err in holding that the recorder of the city of Sumter was without power, or authority to try or convict the defendant for a criminal offense, contrary to the criminal statutes of the State of South Carolina then in force, but only had jurisdiction to try and convict for offenses contrary to the ordinances of the city of Sumter?

Under the facts of the case, we have no hesitation in saying the exceptions should be overruled, and judgment affirmed.

The case of the *City of Anderson* v. *Seligman,* 85 S. C. 16, 67 S. E. 13, is conclusive, and controls this case. On page 18 of that case, Justice (now Chief Justice) Gary, uses the following language: "When section 2003 of the Code of Laws conferred upon mayors the powers and authority of magistrates in criminal cases, within the corporate limits and police jurisdiction of their respective cities, it was merely intended to give to the mayors the same power to try persons charged with the violation of an ordinance that a magistrate had to try a person charged with the violation of a statute, or other law of the State in cases, where the punishment did not exceed a fine of one hundred dollars, or imprisonment for thirty days. A violation of the provisions of an ordinance of a city, and a violation of the statute, of the State are two separate and distinct offenses."

Judgment affirmed.

MR. JUSTICE FRASER *disqualified.*