17712

STATE, Respondent, v. Oscar Mack GIST, Appellant

(116 S. E. (2d) 856)

*Messrs. Matthew J. Perry,* of Spartanburg, and *Donald James Sampson,* of Greenville, *for Appellant,*

*Messrs. John H. Nolen, Solicitor,* of Spartanburg, and *Mike S. Jolly, County Solicitor for Union County,* of Union, *for Respondent*

November 10, 1960.

TAYLOR, Justice.

Appellant, Oscar Mack Gist, a Negro boy 16 years of age, was arrested pursuant to 66 warrants, each charging that he "did commit a breach of the peace and is guilty of disorderly conduct by placing a telephone call in the town of Jonesville, S. C. to * * * and then used abusive, obscene, vulgar, and profane language to * * *." Thereafter, he was taken before a Magistrate, where, in the presence of his parents, he plead guilty as charged in each of the warrants and was sentenced to pay a fine of $50.00 or serve 30 days upon the public works of Union County for each of the 66 offenses. Appellant made no motion for a new trial but gave notice of intention to appeal and was released on bond.

Thereafter, the matter was argued before the Honorable Steve C. Griffith, presiding Judge of the Court of General Sessions for Union County, who duly issued an order permitting defendant to make such motion or motions as he deemed advisable under the circumstances.

Pursuant to such order, appellant appeared before the Magistrate and moved for a new trial upon all grounds appearing in the original notice of intention to appeal and upon the further ground that the acts with which appellant was charged do not amount to disorderly conduct under the Statutes of South Carolina. This motion was denied and appeal was again taken to the Court of General Sessions and heard by the Resident Judge of the Seventh Judicial Circuit, who affirmed the judgments and sentences of the Magistrate's Court. And it is from this order that appellant now appeals to this Court contending principally that the offenses

allegedly committed were not embraced within the provisions of the Statute relating to disorderly conduct and, further, that there is a specific Statute concerning the acts complained of which is beyond the Magistrate's jurisdiction.

Section 16-558, Code of Laws of South Carolina, 1952, provides:

"Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner (b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church or (c) while under the influence or feigning to be under the influence of intoxicating liquor, without just cause or excuse, discharge any gun, pistol or other firearm while upon or within fifty yards of any public road or highway, except upon his own premises, shall be guilty of a misdemeanor."

It may readily be seen by reference to the foregoing that the use of abusive, obscene, vulgar or profane language to a woman or woman child over the telephone is not encompassed within the provisions of the foregoing Section.

Section 16-552, Code of Laws of South Carolina, 1952, provides:

"Any person who shall anonymously write, print or by any other manner or means whatsoever communicate, send or deliver to any woman or woman child within this State any obscene, profane, indecent, vulgar, suggestive or immoral message shall be guilty of a misdemeanor and, upon conviction, shall be punished in the discretion of the court."

The foregoing Section, dealing specifically with the acts complained of and making unlawful that which was not unlawful before, must be followed, 14 Am. Jur. 765; and the penalty provided therein is that one, upon being convicted of violation of the provisions thereof, "shall be punished in the discretion of the court," whereas the ju-

risdiction of the Magistrates' Courts in criminal matters is set forth in Art. 5, Sec. 21 of the Constitution of the State of South Carolina, 1895, as being $100.00 or 30 days. *State v. Jenkins*, 26 S. C. 121, 1 S. E. 437; *State v. Madden*, 28 S. C. 50, 4 S. E. 810; *State v. Cooler*, 30 S. C. 105, 8 S. E. 692, 3 L. R. A. 181; *State v. Holcomb*, 63 S. C. 22, 40 S. E. 1017; *State v. Pinckney*, 74 S. C. 445, 54 S. E. 606; *State v. Glover*, 90 S. C. 166, 72 S. E. 1087; *Keels v. City of Sumter*, 95 S. C. 203, 78 S. E. 893; *State v. Mellette*, 106 S. C. 224, 91 S. E. 4.

It is apparent to us that the acts complained of were encompassed within the provisions of Section 16-552, Code of Laws of South Carolina, 1952, and that the Magistrate's Court was without jurisdiction to hear and pass judgment thereon. The judgments and sentences in all 66 cases are therefore reversed and set aside.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.