## STATE v. JENKINS.

In the absence of any law limiting the punishment of petit larceny to one hundred dollars fine or thirty days imprisonment, trial justices have no jurisdiction of petit larceny, but it is within the exclusive jurisdiction of the Court of General Sessions.

Before ALDRICH, J., Richland, June, 1886.

The opinion states the case.

*Mr. H. C. Patton*, for appellant.

*Mr. D. C. Ray*, for the solicitor, contra.

February 16, 1887.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The appellant was indicted for perjury, charged to have been committed by him in a previous prosecution against him for petit larceny before a trial justice. The judge was requested to charge that a trial justice had no jurisdiction in cases of petit larceny, and therefore that perjury could not be committed in such a case. This request was refused, whereupon the defendant was convicted.   The only question in

the appeal is, was it error for the judge to refuse appellant's request, which raises the question whether or not trial justices have jurisdiction in cases of petit larceny.

Section 19, art. I., of the constitution provides that justices of the peace, or other officer authorized by law * * * shall have jurisdiction in all cases less than felony, where the punishment does not exceed a fine of a hundred dollars, or imprisonment for thirty days, and that such offences shall be summarily tried by them. There is no doubt that a trial justice falls under the terms, "other officer authorized by law," and that he has all the powers conferred by this section of the constitution. *State* v. *Fillebrown*, 2 *S. C.*, 404. It is apparent, too, that this section confers upon him jurisdiction in all offences under felony, where the punishment does not exceed that mentioned above.

Section 2498, General Statutes, declares that larceny of goods below the value of twenty dollars shall be a misdemeanor, and considered a petit larceny. We suppose the previous prosecution before the trial justice, was for a larceny of goods below the value of twenty dollars. It was, therefore, a misdemeanor, and consequently less than felony, and, to that extent, having one of· the elements necessary to the jurisdiction of the trial justice. The other element, however, is equally necessary, to wit, the character of the punishment, the limit being thirty days imprisonment and one hundred dollars fine. Is that the punishment of petit larceny? There seems to be no punishment, strange to say, affixed to this offence by our statute. Section 2498, *supra*, describes the offence, to wit, the stealing of goods below the value of twenty dollars, and declares it to be a misdemeanor, and considered petit larceny, but omits punishment. Nor have we found any other act affixing punishment thereto. Under these circumstances we must look to the common law for the punishment. Misdemeanors at common law. are punishable by fine and imprisonment, or both, according to the degree (1 *Russ. Crimes*, 45), but the limit is not fixed.

So that there is no express law either found in our acts of assembly or in the common law which limits the punishment of this offence to a fine of a hundred dollars and imprisonment for thirty days. On the contrary, *State* v. *Williams* (13 *S. C.*,

546), expressly declares that it is not so limited, and on that account that case holds that the Court of General Sessions has jurisdiction; overruling the case of *State* v. *Harper*, 6 *S. C.*, 464, which held that the Court of General Sessions had no jurisdiction in petit larceny, the jurisdiction being exclusively in courts of trial justices.

If, then, the punishment is not limited, which we have seen is the case, from an examination of both the statute and the common law, and which, as we have said above, has been expressly so decided in the case of the *State* v. *Williams, supra,* we do not see how trial justices can have any jurisdiction, as the second element necessary to such jurisdiction is wanting. They certainly cannot take jurisdiction under art. I., section 19, of the constitution, as the jurisdiction there conferred is conditioned expressly upon the fact that the punishment does not exceed the limit mentioned.

Art. IV., section 18, of the constitution confers on the Courts of General Sessions exclusive jurisdiction over all criminal cases "which shall not be otherwise provided by law." Now, when the constitution was adopted with these two sections in it, inasmuch as justices of the peace or other officers authorized by law could have jurisdiction only in cases where the punishment was limited, as specified in art. I., section 19, and inasmuch as the punishment of petit larceny was not thus limited, the jurisdiction in petit larceny "was not otherwise provided by law," and consequently, under art. IV., section 18, the Court of General Sessions had exclusive jurisdiction. Has that jurisdiction been lost since the adoption of the constitution? It could only have been lost by some provision of law enacted since the adoption of the constitution, conferring jurisdiction upon some other court; because art. IV., section 18, provides that the Court of General Sessions shall have exclusive jurisdiction in all criminal cases, "which shall not be otherwise provided by law." Has there been such provision? If the general assembly had since limited the punishment of petit larceny, as mentioned in art. I., section 19, this, under the language of the section, would have conferred exclusive jurisdiction upon trial justices, and consequently would have ousted the jurisdiction of the General Sessions, as by such

act jurisdiction in such cases would have been "otherwise provided by law." But no such act has been passed, and because no such act has been passed, this court decided in *State* v. *Williams*, that the Court of General Sessions still has jurisdiction.

Section 826 of the General Statutes, however, expressly confers jurisdiction in cases of petit larceny upon trial justices, not-withstanding the fact that the punishment has never been limited to a fine of $100 and imprisonment to 30 days. If this act is of force, it has certainly enlarged the jurisdiction of trial justice courts beyond its constitutional jurisdiction. Can this be done? It might be that it would be competent for the general assembly to confer incidental powers, and perhaps additional duties, upon a court organized under the constitution besides those mentioned therein, but it could hardly enlarge its powers as to the matters for which it was expressly constituted. Here, the trial justices courts have been organized under the constitution, with certain powers conferred by that instrument in criminal causes, their jurisdiction being dependent upon the character of the punishment to be inflicted. This, it seems to us, is in effect confining these courts to such cases, and the general assembly would have no power to extend their jurisdiction beyond this constitutional boundary.

But it may be said that the act conferring the jurisdiction on trial justices, necessarily, *proprio vigore*, reduces the punishment of petit larceny to the limit mentioned because the trial justices cannot, under the constitution, sentence beyond that limit. This is met again by the case of *State* v. *Williams, supra,* which, as we have said, decides that the punishment has not been reduced, and consequently that the Court of General Sessions has jurisdiction. So that, if the two positions be correct, we have the strange anomaly of the same offence being subject to two different punishments, dependent upon the court in which the prisoner may happen to be tried and convicted.

Upon the whole, our conclusion is, that trial justices, in the absence of any law limiting the punishment to $100 fine and 30 days imprisonment to petit larceny, are without jurisdiction.

It is the judgment, therefore, of this court, that the judgment of the Circuit Court be reversed.