## STATE v. MADDEN.

1. In the absence of a limit to the punishment of violation of contract by a laborer (*Gen. Stat.*, § 2084), trial justices have no jurisdiction of this offence, but it is within the exclusive jurisdiction of the Court of General Sessions.
2. Trial justices have jurisdiction of an offence only where the punishment is limited by the law to a fine of $100 or to imprisonment for 30 days.

Before KERSHAW, J., Abbeville, September, 1887.

This was a prosecution against Harriet Madden for violation of contract. The opinion states the case.

*Mr. Wm. N. Graydon*, for appellant.

*Mr. Orr*, solicitor, contra.

February 1, 1888. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. The appellant was indicted before a trial justice in Abbeville County, upon a charge of violating a written contract on the farm of one Mrs. Nichols, contrary to the statutes in such cases made and provided. This charge was contained in the affidavit upon which the warrant of arrest was issued, and in which said affidavit was set out, as follows: "That on the 11th day of March, 1886, on the farm of Mrs. Nichols, in the county and State aforesaid, one Harriet Madden did violate a written contract, contrary to the statutes in such cases made and provided." The defendant plead guilty and was sentenced to pay a fine of two dollars and costs, or be imprisoned ten days in the county jail. The defendant appealed to the Circuit Court upon several grounds not necessary to be mentioned here.

It appeared that the agreement between the parties, upon which the indictment was founded, was to the effect that Mrs. Nichols agreed to pay the defendant thirty dollars for her services from January 4, 1886, to January 1, 1887, the defendant to be responsible for anything that might be lost, injured, or destroyed by her carelessness or neglect, and for all time lost either from sickness or otherwise, the said defendant agreeing to obey all orders given by Mrs. Nichols or her agent. The precise character of the services was not mentioned in the agreement further than as above. One of the grounds of appeal to the Circuit Court, however, stated that the services contracted for were not those of a farm laborer, but of a cook, and therefore that section 2084, General Statutes, under which defendant had been indicted, did not apply.

This appeal was dismissed by the Circuit Judge, who held, that, after the plea of guilty to the charge of violating a written

contract, contrary to the statutes made and provided, at the farm of Mrs. Nichols, defendant must be presumed to have admitted that the contract was such as that referred to in said statutes. He also held that the trial justice had jurisdiction. From this order dismissing the appeal to the Circuit Court, the case is here on appeal, raising the questions, 1st. That his honor erred in holding that the contract in the case was such a contract as is contemplated in section 2084, General Statutes. 2nd. That the trial justice had jurisdiction. And 3rd. That section 2084, General Statutes, was constitutional.

From the view which we take of the case, it is hardly necessary to discuss any of these questions except the second, to wit: the jurisdiction of the trial justice in such cases. Section 2084, General Statutes, provides in substance that if the violation of the contract be by a laborer or laborers, such person or persons so offending shall be liable to fine or imprisonment according to the gravity of the offence upon conviction before a trial justice or a court of competent jurisdiction. The jurisdiction of a trial justice in criminal cases extends to those only in which the punishment has been fixed by act to fines not exceeding one hundred dollars and to imprisonment not exceeding thirty days. Under this act, while fine and imprisonment constitute the punishment, yet there is no limit fixed. This is left to the discretion of the officer, qualified only by the gravity of the offence. We do not see that the trial justice is at all restrained except by his own judgment as to the character and gravity of the offence.

It is true that in many cases he might find that the offence would not warrant or demand a punishment greater than that which belongs to his jurisdiction, and he might not in such cases affix a greater punishment, but he would not be thus restrained by any law declaring that no greater punishment could be ordered. On the contrary, the act permits him to inflict punishment of the character mentioned without limit, and his jurisdiction, so far as the act is concerned, goes to the extent of its provisions. The offence is not divided into classes, with limited punishment as to one over which the trial justice is to have jurisdiction, and the other under the jurisdiction of the Court of Sessions. But it is one and entire, with no precise punishment

annexed, and no class of cases where the trial justice is confined to the limit of $100 fine and thirty days imprisonment.

We think that the principle laid down in the recent case of *The State* v. *Jenkins*, 26 *S. C.*, 121, is applicable here, and that this demands that the judgment below should be reversed.

It is the judgment of this court, that the judgment below be reversed on the ground stated hereinabove.