CASE 85—PROSECUTION AGAINST BURNAM BROWN, FOR WILFULLY AND MALICIOUSLY SHOOTING ANOTHER WITH INTENT TO KILL, TWO PREVIOUS CONVICTIONS FOR FELONIES BEING ALSO CHARGED.—FEB. 21, 1901.

(Omitted in former reports.)

# Brown v. Commonwealth.

APPEAL FROM BOURBON CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

CRIMINAL LAW—INCREASE OF PENALTY UPON THIRD CONVICTION— INDICTMENT—RIGHT TO MANSLAUGHTER INSTRUCTION UNDER INDICTMENT FOR MURDER.

1. Under Kentucky Statutes, section 1130, providing that a person convicted the second time of felony, shall be confined in the penitentiary not less than double the time of the first conviction, and, if convicted a third time of felony, shall be confined in the penitentiary for life, to authorize the infliction of the increased penalty it must appear from the indictment that the offense charged was committed subsequent to the former conviction or convictions; but it is not necessary to specifically allege that fact, it being sufficient that it appears from the dates given.

2. To authorize confinement in the penitentiary for life by reason of a third conviction of felony, it is not necessary that the penalty should have been increased upon the second conviction.

3. Under an indictment for murder accused is not entitled to an instruction as to manslaughter, where there is no evidence tending to reduce the crime from murder to manslaughter.

NEVILLE C. FISHER AND HARMON STITT, ATTORNEYS FOR APPELLANT.

We submit that before a man can be sent to the penitentiary for life under section 1130 of the Kentucky Statutes, the crimes committed by him must have occurred in the following order, viz.:

1. There must be a conviction of a felony punishable by confinement in the penitentiary.

2. After the first conviction he must have been convicted of

another felony and sentenced to the penitentiary for double
the time of the first conviction.

3. And then subsequently to the second conviction he must
be convicted of a third felony on an indictment which alleges
the two previous convictions, and alleges that for the second ·
he was sentenced for double the time of the first.

4. The court failed to instruct the jury on the law applicable
to a shooting in sudden heat and passion.

5. The attorney for the Commonwealth stated to the jury in
the presence of the court, that when an offense was proved
and no malice was shown the law presumed malice, though not
excepted to at the time, and not corrected by the court, was
prejudicial to the defendant, as we contend that malice is not
presumed by any state of facts.

### AUTHORITIES CITED.

1. On the sufficiency of the indictment. Brown v. Common-
wealth, 100 Ky., 127; Criminal Code, sec. 129.

2. Duty of the court to instruct the jury on the whole law
of the case. Williams v. Commonwealth, 7 Ky. Rep., 744; Trim-
ble v. Commonwealth, 78 Ky., 176; Heilman v. Commonwealth,
84 Ky., 457.

3. Malice not presumed from any state of facts. Robertson's
Criminal Law and Procedure, sec. 13; Ball v. Commonwealth,
81 Ky., 664; Bush v. Commonwealth, 78 Ky., 268; Trimble v.
Commonwealth, 78 Ky., 176; Buckner v. Commonwealth, 14
Bush, 601; Farris v. Commonwealth, 14 Bush, 362.

ROBT. J. BRECKENRIDGE, ATTORNEY GENERAL, FOR COMMONWEALTH.

1. This man without the slightest provocation drew his pis-
tol and shot a woman three times, the fourth shot missing
her. No previous difficulty, no quarrel at the time of the shoot-
ing, no hasty word or gesture, but he deliberately tried to kill
her while she was at work earning her living by labor.

2. The court gave all the law he was entitled to under the
fact.

3. The indictment shows that each conviction for felony fol-
lows consecutively from 1893 to 1900, the first in 1893, the sec-
ond in 1895 and the third and last in 1900. We submit that
the punishment inflicted is proper.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The appellant, Brown was indicted in the Bourbon circuit

court for the crime of willfully and maliciously shooting
Flora Bradley with intent to kill, etc. The shooting was
charged to have been done on the 6th of December, 1900.
It is also averred that on the 23d of March, 1893, he was
convicted in the Bourbon circuit court of a felony, to-wit,
forcibly breaking and entering into a railroad depot with
intent to steal property and things of value, the punishment
for which was confinement in the penitentiary; that he was
sentenced to two years' confinement in the penitentiary on
the charge. It was further averred in the indictment that
on the 30th day of November, 1895, he was convicted in the
Bourbon circuit court under the name of Vernon Brown,
and was again convicted of a felony, to-wit, forcibly break-
ing and entering into a railroad depot with intent to steal
property and things of value, the punishment for which was
confinement in the penitentiary; that he was for
that offense convicted, and sentenced to the pen-
tentiary. The averments in the indictment, in addition to
the charge of an offense for which he was put on trial, were
with the view of increasing the penalty. They were based
on section 1130, Ky. Stat., which reads as follows: "Every
person convicted a second time of felony, the punishment of
which is confinement in the penitentiary, shall be confined in
the penitentiary not less than double the time of the first
conviction; and if convicted a third time of felony, he shall
be confined in the penitentiary during his life. Judgment
in such cases shall not be given for the increased penalty,
unless the jury shall find, from the record and other com-
petent evidence, the fact of former convictions for felony
committed by the prisoner, in or out of this State." The
appellant asked for a reversal—First, because it was not
averred in the indictment that the shooting of Flora Bradley
occurred after the offense for which he had been previously

Brown v. Commonwealth.

convicted; second, that the court erred in not giving an instruction on the question of shooting in sudden heat and passion; third, because the court did not tell the jury to find the defendant not guilty as to former convictions, because it was not shown that upon the second conviction he was confined in the penitentiary not less than double the time of the first conviction. The indictment stated the dates of the previous convictions, and also stated that the shooting took place on the 6th of December, 1900. This latter statement was equivalent to charging that the last offense was committed after the previous conviction. In Brown v. Com., 100 Ky., 127, 37 S. W., 496, it was held that the increased penalties for the second and third convictions can not be imposed for the offense committed prior to the former conviction or convictions. We are of the opinion that the averments of the indictment are sufficient under the rule announced in that case. The testimony in this case shows that the shooting was without provocation or the slightest excuse; that there had been no difficulty between the parties previous thereto, There was nothing said or done which in the remotest degree tended to arouse the passion of the defendant. If death had resulted, it would have been murder without a mitigating circumstance. In such case this court has adjudged that the defendant is not entitled to an instruction upon self-defense. If death had resulted, the defendant, on the facts of this case, would not have been entitled to an instruction on self-defense. In order to reduce an offense of murder to manslaughter, something must transpire which would raise the question as to whether the killing was with malice aforethought, or in sudden heat and passion. When no facts are proven which tend to reduce the killing from murder to manslaughter, then the defendant is no more entitled

to a manslaughter instruction than he would be to self-defense instruction in a case where none should be given. This court has frequently announced the rule that in Commonwealth cases the whole law of the case should be given, but that does not mean that instructions should be given when there are no facts proven upon which to base them. It means that all the law relative to the facts proven should be given.

It is wholly immaterial whether the defendant, on the second conviction, had his penalty increased by reason of his first conviction. The right of the Commonwealth to have him confined in the penitentiary for life, upon the third conviction, is not based upon the question as to the amount of penalty inflicted in his former convictions, but upon the fact that he had been twice convicted of a felony. The law-making department of the government enacted the section of the statute under consideration for the purpose of confining for life in the penitentiary habitual criminals. It was supposed that where a party was convicted three times of felonies there could be no hope of reforming him; therefore, he should be confined for life in the penitentiary. The defendant seems to be an habitual criminal, and he must suffer the penalty imposed by law, which is confinement in the penitentiary during his life.

The judgment is affirmed.