## 9568

### STATE v. MELLETTE.

#### (91 S. E. 4.)

1. HIGHWAYS—OBSTRUCTION—OFFENSES.—Cr. Code 1912, sec. 635, providing that one placing an obstruction in any part of the highways who does not immediately remove it when required shall be guilty of a nuisance, and, on conviction before a magistrate, shall be fined and be liable for the expense of removal, applies only to the obstruction of public highways, that is, those highways that are under the jurisdiction of the State or county authorities, and does not apply to neighborhood roads, which are public highways only in the sense that the public have acquired the legal right to use them.

2. CRIMINAL LAW—JURISDICTION—MAGISTRATE'S COURTS.—Under Const., art. V, sec. 21, providing that the jurisdiction of magistrate's Courts shall not extend to criminal cases wherein the punishment exceeds

a fine of $100 or 30 days, a magistrate's Court had no jurisdiction as to an obstruction of a highway or neighborhood road, an indictable offense under the common law, where the penalty therefor has not been so limited.

Before WILSON, J., Manning.    Affirmed.

R. B. Mellette, Sr., was convicted in a magistrate's Court for obstructing a neighborhood road by the removal of a bridge connecting it with a public highway, and from a reversal of the judgment and the dismissal of the prosecution, the State appeals.

*Mr. Solicitor Stoll* and *Mr. J. J. Cantey,* for appellant.

*Mr. Charlton DuRant,* for respondent.

December 26, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The defendant was convicted in a magistrate's Court for obstructing a neighborhood road by the removal of a bridge connecting it with a public highway. The Circuit Court reversed the judgment and dismissed the prosecution, on the ground that the magistrate's Court was without jurisdiction of the offense charged. The State appealed.

The case is ruled by *State* v. *Harden,* 11 S. C. 360, in which it was held that the statute under which defendant was indicted (Crim. Code, sec. 635) is applicable only to the obstruction of public highways, that is, those highways that are under the jurisdiction of the State or county authorities, such as are laid out or improved at the public expense, and that it is not applicable to that class of highways, commonly called neighborhood roads, which are public highways only in the sense that the public have acquired the legal right to use them.

The obstruction of such highways (neighborhood roads) is an indictable offense at common law, but the penalty for the offense has not been limited by statute so as to give magistrates jurisdiction of it, since the Constitution (article V, sec. 21) prescribes that their jurisdiction shall not extend to criminal cases where the punishment exceeds a fine of $100 or imprisonment for 30 days. It has been held that the punishment for any offense must be so limited to confer jurisdiction of it upon magistrates. *State* v. *Williams,* 13 S. C. 546; *State* v. *Weeks,* 14 S. C. 400; *State* v. *Jenkins,* 26 S. C. 121, 1 S. E. 437; *State* v. *Madden,* 28 S. C. 50, 4 S. E. 810.

The case relied upon by the State (*State* v. *Wolfe,* 61 S. C. 25, 39 S. E. 179) is not to the contrary. The defendant in that case was indicted in the Court of General Sessions for obstructing a neighborhood road. The Circuit Court was of the opinion that, as the offense was not one of those mentioned in section 18 of article V of the Constitution, which gives that Court concurrent jurisdiction with, as well as appellate jurisdiction from, inferior Courts in all cases of riot, assault and battery, and larceny, the Circuit Court was without jurisdiction, and remanded the case to the magistrate for trial. This Court reversed the judgment, and held that the indictment was not drawn under section 365 (now section 635) of the Criminal Code, and also that, as the same section of the Constitution (section 18 of article V) provides that the Court of General Sessions shall have jurisdiction in all criminal cases, except those in which exclusive jurisdiction shall be given to inferior Courts, and as the legislature had not manifested an intention to give magistrates exclusive jurisdiction of the offense charged, the Circuit Court did have jurisdiction. Careful examination of the opinion of this Court shows that it did not hold that the jurisdiction of the Circuit Court was concurrent with that of the magistrate, and thereby, inferentially, that the magistrate also had jurisdiction. The inference is the

other way; for the Court did hold that the indictment was not drawn under the statute, but under the common law, and adverted to the provision of the Constitution that the jurisdiction of magistrates shall not extend to cases where the punishment exceeds a fine of $100 or imprisonment for 30 days, and to the fact that there was no statute so limiting the punishment for the offense charged and manifesting an intention to confer exclusive jurisdiction thereof upon magistrates, from which the logical inference is that the magistrate did not have jurisdiction.

The contention that, as the bridge connected the neighborhood road with the public highway was built by the county authorities, its removal brought the case within the statute as an obstruction of the public highway, is untenable.

Judgment affirmed.