[Crim. No. 1539. Second Appellate District, Division One.—January 5, 1928.]

THE PEOPLE, Respondent, v. TRIXIE GONZALES, etc., Appellant.

A. S. Maloney and Lester G. King for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendant pleaded guilty to a charge of unlawful possession of intoxicating liquor, as well as to theretofore having been found guilty of three several offenses of the same character. Thereupon she was sentenced to serve one year in the county jail and to pay a fine of $500, with the payment of $250 of such fine being "suspended." She appeals from the judgment.

The first point made by appellant is that:

"The judgment of the court is excessive and therefore void for the reason that a conviction under a city ordinance cannot be pleaded in aggravation of punishment in a state court in a prosecution under the Wright Act."

In connection therewith, appellant directs attention to what she claims occurred at the time sentence was imposed, to wit, that her counsel requested the judge of the trial court to take judicial notice of the fact that each of the several prior convictions of defendant was for a violation of a local city ordinance and consequently that a conviction therefor might not be pleaded for violation of a state statute. The record on appeal, however, fails to disclose the facts to which appellant refers. Nor does the language appearing in the information against defendant support her contention. Each of the several allegations as to two of the charges in the information was to the effect that at a specified time, in the police court of the city of San Bernardino, the defendant was convicted of the commission of the named offense; and as to the third of such charges, in the justice court of San Bernardino township, she likewise had been so convicted. The record is silent with reference to the designation of any particular' statute or ordinance under the provisions of which either or any of such convictions of defendant was had. As in substance is stated in *Crouch v. H. L. Miller & Co.*, 169 Cal. 341, 344 [146 Pac. 880], where nothing appears in the record as to what was done, it will be presumed in favor of the judgment that what ought to have been done was not only done, but rightly done; and that when the record affirmatively shows what transpired, it will not be presumed that something different was done. In 15 Cal. Jur., page 68, where the authorities are cited, the rule is announced that, even though the existence of a jurisdictional fact be not affirmed on the record, such fact will be presumed. It thus becomes clear that this court is powerless to supply the deficiency, if any, existing in the record herein and thus make it coincide with appellant's statement of the facts either as to what occurred at the time judgment was pronounced in the superior court against defendant, or as to the particular statute or ordinance under the provisions of which either of the former judgments against defendant was rendered. In other words, because of the rule heretofore stated, and because every intendment favors the validity of the judgment, it must be assumed that the record as it now stands is correct. Hence it follows that assuming, without deciding, that in

proper circumstances the point advanced by appellant might be well taken, it cannot be here sustained.

█ It is next urged by appellant that:

"The defendant and appellant should have been convicted as a second offender before an information charging her as a third or fourth offender can be filed."

The Wright Act (Stats. 1921, p. 79) adopts the provisions of the Volstead Act (Oct. 28, 1919, chap. 85, 41 Stat. 305). Among other things, it is there provided that:

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this chapter, or violates any of the provisions of this chapter, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1000, or by imprisonment not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years. It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment." (27 U. S. C. A., sec. 46.)

It thus appears that the statute provides for the respective penalties which shall follow for the commission of the first, the second, or any subsequent offense; also that it is the duty of the prosecuting officer "to ascertain whether the defendant has been previously convicted and to plead the prior conviction." In terms, at least, the statute fails to provide, what would seem necessary to uphold the contention of appellant, that a defendant should be charged and convicted *as a second offender* before she could be convicted as a "subsequent offender." If a person has been convicted of two separate violations of the provisions of the statute, in a prosecution for a subsequent violation thereof, we are unable to perceive in the language of the statute any requirement other than that such former conviction shall be pleaded. If in a prosecution (and conviction) for a second violation of the provisions of the statute the prosecuting officer should fail to ascertain the fact of, and to plead, such prior conviction, the statute contains no express direction that on a prosecution for a third violation it would not become the

duty of the prosecuting officer to plead each of the two former convictions. Manifestly, it is within the spirit of the law in question that after a defendant has been convicted for each of two separate violations of the provisions of the statute, on conviction of the commission by him of a subsequent offense, he shall be subjected to more rigorous punishment than could be meted out to him for either of his former convictions. The fact that in the prosecution of the defendant for the commission of his second offense the prosecuting officer has failed to ascertain and to plead that the defendant theretofore has been convicted of a similar violation of the provisions of the statute, in effect is merely an oversight amounting to an act of grace accruing to the defendant through the omission of the prosecuting officer, and of which, on the prosecution of the defendant for the commission of a third offense, the defendant should not be permitted to take advantage. On a prosecution for the commission of a ''subsequent'' offense, what the statute recognizes as all-important is the fact that theretofore the defendant has been twice convicted and that he shall be legally informed that the prosecution expects to establish that fact; and, if convicted on the main charge, to have the punishment fit the crime in accordance with the provisions of the statute. Notwithstanding the ruling in the case of *Biddle* v. *Thiele*, 11 Fed. (2d) 235, in the absence of express direction, this court is unprepared to go to the length of holding that the intent of the statute is that, although the defendant theretofore has been found guilty of two separate violations of the statute, he may not be charged with them unless on the trial of his second offense the defendant was also charged with a first conviction.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 5, 1928.

All the Justices concurred.