## CACCIOLA v STATE

Ohio Appeals, 9th Dist, Medina Co.
No. 96. Decided April 11, 1930

Eugene F. Trunko, Akron, for Cacciola.
Raymond B. Bennett, Prosecuting Attorney, Medina, for State.

## PER CURIAM

The proof establishes beyond peradventure that there were about 250 pints of beer and about 80 gallons of peach wine found in the cellar on the premises of

Cacciola, and that the beer and the wine each contained more alcohol than the law allows and that they were fit for beverage purposes. While the wife testified that the liquor belonged to her, and her husband denied that it belonged to him, there was evidence introduced which justified the jury in finding that the liquor in question was in possession of the husband.

The claim most strenuously urged is that Cacciola was not guilty of a third offense.

The proof established that on July 21, 1926, he was found guilty of illegally selling intoxicating liquor and ·that he paid the fine assessed at that time. The record also discloses that in January, 1929, he was again arrested· and charged with selling intoxicating liquor, and while he denies having plead guilty to that offense, the jury in the instant case was fully justified in finding that he did so plead, and that he was fined $150 and the costs and that he paid the same.

The journal entry setting forth the plea of guilty in that case contains the following:

"Thereupon said defendant retracts his plea to said affidavit, and saith he is guilty of a first offense of selling intoxicating liquor, which plea is· accepted by the prosecuting attorney."

It is claimed that because that offense was denominated a first offense in the foregoing journal entry and since defendant was not guilty of any ·offense between that date and the offense charged at the trial of this case, he could not properly be convicted of a third offense.

We do not agree with this contention. There can be no question but what he was found guilty of two offenses before the one for which he was being tried, and it does not make any difference whether they were denominated first or second offenses; there were two of them, and the one upon which he was being tried was the third and was so charged, and he was properly found guilty of that offense.

To be a third offense, all that is necessary to be established is that there have been two previous convictions of a violation of said statute; it is not necessary that there be a conviction for a first offense and then a conviction for a second offense; a conviction counts as an offense whether it be denominated a first or a second one, and the right to impose a penalty for a third offense is not affected by the penalties provided by law for prior convictions.

Brown v. Commonwealth, 61 S. W. 4.

It was claimed in argument that it was not proven that the Dominic Cacciola who was convicted in July, 1926, and in January, 1929, was the same person as the Dominic Cacciola who was on trial. We find, however, that the record clearly establishes his identity and that there is no merit in such contention.

We have examined all of the other alleged errors, but do not find any prejudicial error in the record, and the judgment is therefore affirmed.

Funk, PJ., Pardee, J., and Washburn, J., concur.