# MAY 13, 1942

BUBBER CLARK V. THE STATE.

No. 22117. Delivered May 13, 1942.

The opinion states the case.

*G. W. Allison,* of Dallas, for appellant.

*Chas. A. Pippen,* Assistant District Attorney, of Dallas, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of robbery by assault; the punishment, confinement in the State penitentiary for a term of 35 years.

In the light of the record as a whole, an extended statement of the facts is not deemed called for. It is sufficient to say that the testimony of the injured party shows that the appellant, while using and exhibiting a knife, and while threatening to kill him, robbed him of a purse containing $96.27. There was testimony corroborating the injured party. The defensive theory—shown primarily by the testimony of the appellant, with some corroborative circumstances—was that he and the injured party had engaged in shooting craps, as a result of which he lost something over $9.00 to the injured party. The appellant discovered that the dice were crooked. He asserted that what he did on the occasion was for the purpose of regaining his money which the injured party had obtained from him by the use of the crooked dice, which money was placed in the purse with the other money.

Upon cross-examination, appellant admitted that, in 1935, he was indicted for the offense of murder, and that said murder charge was dismissed.

The issues arising under the facts were pertinently submitted by the trial court in his charge and in such a manner that no exceptions or objections thereto were reserved by the appellant.

It was within the province of the jury to determine the disputed issues of fact and to accept the testimony of the State's witnesses. The verdict of the jury finds support in the testimony.

The sole question here presented relates to the argument of State's counsel.

By bill of exception, as qualified by the trial court, it is made to appear that, in his opening argument to the jury, State's counsel used the following language:

"Why, gentlemen, the man you are sitting in judgment upon has the blood of his fellowman upon his hands; You cannot believe what he says about it."

Counsel for appellant objected to this argument as being prejudicial and because there was nothing in the record showing that appellant had committed, or had been guilty of, murder, as inferred from the remarks of State's counsel. Upon said objection being made, State's counsel replied:

"The defendant has been charged with murder and you (meaning the jury) can consider this in passing upon his (meaning the defendant's) credibility."

The objection to the argument was sustained and the jury instructed not to consider the phrase "blood of his fellowman upon his hands" for any purpose.

Appellant insists that, in the light of the facts and the punishment assessed, the argument was of such a prejudicial character that the harmful effect was not overcome by the instruction given, and that reversible error was reflected thereby. It was within the province of the State to make proof of the fact that appellant had been charged with the offense of murder, for the purpose of affecting his credibility as a witness. In the court's charge, such testimony was expressly limited to the jury's consideration for that purpose only. Notwithstanding appellant's unchallenged assertion that the murder charge was dismissed, it is his contention that the argument complained of not only called the jury's attention to the fact that he had been charged with the offense of murder but that the use of the phrase "blood of his fellowman upon his hands" had the effect of telling the jury that he was in fact guilty of that offense.

State's counsel had the right to argue to the jury the effect of the testimony touching the charge of murder for the purpose for which it was introduced, and as limited before the jury in the court's charge, i. e. as affecting appellant's credibility as a witness in his own behalf. That the argument complained of was for that purpose and was applicable only thereto is made manifest by the phrase: "You cannot believe what he says about it."

It is apparent, therefore, that what was said by State's counsel was within the realm of legitimate argument—especially in view of the fact that the only feature thereof that was even remotely objectionable was promptly withdrawn from the jury's consideration by the trial judge.

To say that one "has the blood of his fellowman upon his hands" does not necessarily impute or charge that he is guilty of the crime of murder. One may take the life of his fellowman and be entirely justified therefor, or excused from criminal liability; in which event, he would, nevertheless, have "the blood of his fellowman upon his hands."

In testing whether argument of State's counsel constitutes reversible error, the controlling rule, as stated in Vineyard v. State, 257 S. W. 548, 96 Tex. Cr. R. 401, is:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case."

See also: Heidle v. State, 86 S. W. (2d) 641, 129 Tex. Cr. R. 201. Giving effect to such rule here, in the light of the record as a whole, and the trial court's instruction to the jury, we are constrained to hold that reversible error is not reflected by the argument complained of.

In support of his contention, appellant cites the cases of Jarrott v. State, 257 S. W. 256, 96 Tex. Cr. R. 239, and McClure v. State, 272 S. W. 157, 100 Tex. Cr. R. 545. These authorities are deemed not controlling here, for, in each case, it appears that other errors were pointed out sufficient to require a reversal of the case. There was nothing to show that the reversal was predicated, alone, upon the objectionable argument. Moreover, the argument there made and complained of shows that State's counsel was making use of the prior convictions of the accused for the purpose of determining guilt or as affecting the punishment, which was a use thereof not authorized to be made. As we have endeavored to point out, such is not true of the argument here complained of.

From what has been said, it follows that the judgment of the trial court should be affirmed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.