# H. O. LUTZ V. THE STATE.

No. 22594. Delivered November 17, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*DeWitt C. Bennett,* of Orange, and *David E. O'Fiel,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, five years' confinement in the State penitentiary.

Brumley, the injured party, as a tenant of the wife of appellant, occupied a residence situated near an apartment, also owned by the wife. Morgan looked after the properties for Mrs. Lutz and rented the house to Brumley. A controversy arose over whether Brumley should vacate the house occupied by him, which culminated in appellant, Mrs. Lutz, and Morgan going to Brumley's house at night, calling him out of the house, and demanding that he vacate the premises; and, after some words between them, appellant shot Brumley with a pistol, the bullet entering

the mouth and emerging behind the left ear. From the State's standpoint, the shooting was unjustified; from appellant's, it was a shooting in self-defense. The case was submitted to the jury upon the issues of assault with intent to murder with and without malice and aggravated assault. No exceptions or objections were made to the charge.

In the light of the questions presented for review, the foregoing is deemed a sufficient statement of the case.

All of appellant's bills of exceptions, save one, were qualified by the trial court. Appellant refused to accept the bills of exception as qualified, whereupon the trial court filed the bills of exception as qualified by him as the court's bills of exception. Appellant then prepared and filed bystanders' bills of exception. As thus presented, the only bills of exception, other than the one approved without qualification, which may be considered by us, are the bystanders' bills of exception, because of the well-established rule that, in order to controvert bystanders' bills of exception, the State must do so by bystanders. Lee v. State, 144 Tex. Cr. R. 135, 161 S. W. (2d) 290; Woodruff v. State, 167 S. W. (2d) 769.

While testifying as a witness in his own behalf, appellant was, upon cross-examination, interrogated relative to his having been convicted of the crime of misdemeanor theft, a crime involving moral turpitude, in the justice court. The effect of appellant's answer was that he had been charged with such an offense and that he pleaded guilty to the charge, through his attorney, who paid the fine assessed with money furnished by appellant. To the introduction of all this testimony showing or tending to show such charge and conviction appellant objected because the justice court did not have jurisdiction to render the judgment of conviction, and contended that said judgment was void, and, by reason thereof, could not be used against him. The claimed defect in the judgment lay in the fact that the complaint charging appellant with theft in the justice court alleged the value of the stolen property to be $25.00, thereby alleging an offense of which the county court had exclusive jurisdiction.

In its final analysis, the effect of appellant's position is to collaterally attack the judgment of the justice court because of an insufficient complaint. Having accepted the judgment of the justice court, and having fully performed the punishment assessed by paying the fine imposed, it thereby became final and binding on all parties. The State was without authority to try

appellant therefor, and this even though the conviction was based upon a defective and insufficient complaint. Davis v. State, 37 Tex. Cr. R. 359, 39 S. W. 937.

The fact that the judgment of the justice court might have been void for the want of jurisdiction does not alter or change the situation, for, to ascertain such fact or to reach such conclusion, it is necessary to examine and to test the sufficiency of the complaint upon which the judgment was predicated. Such may not be done by a collateral attack upon the judgment, which is well established by the line of authorities holding that the writ of habeas corpus is not available to attack a final judgment because of an insufficient complaint. Ex parte Cox, 53 Tex. Cr. R. 240, 109 S. W. 369; Ex parte Beverly, 34 Tex. Cr. R. 644, 31 S. W. 645; Ex parte Long, 135 Tex. Cr. R. 520, 120 S. W. (2d) 1066, and authorities there cited.

Under the circumstances here presented, the conclusion is reached that appellant's attack upon the judgment was untenable. The State was, therefore, as tending to effect the credibility of the appellant as a witness in his own behalf, authorized to show appellant's previous conviction for an offense involving moral turpitude. Such being true, State's counsel was also authorized to refer to said testimony in argument to the jury, and appellant's complaint of such argument is overruled.

The State proved, by a Mrs. Terry, who lived in an apartment near the residence occupied by Brumley, where the difficulty occurred, that, just after the shooting, she heard Mrs. Brumley, wife of the injured party, call for help, and heard her say, "Mr. Lutz (appellant) has shot Brumley"; and that she then heard someone say, "I ought to go finish killing the son-of-a-bitch." Mrs. Terry was unable to identify the person who made that statement. To the introduction of such testimony appellant objected because it was not shown that appellant made the statement. The statement was clearly a part of the res gestae and was admissible as such. Appellant's objection went to the weight of the testimony rather than to its admissibility. Moreover, Mrs. Brumley testified, without objection, that appellant made the statement complained of, thereby identifying appellant as the person who made the statement.

Appellant placed his general reputation for being a peaceable and law-abiding citizen in issue. The witnesses Howell, Richardson, and Montgomery, upon direct examination, attested appellant's good reputation for the trait of character mentioned.

Upon cross-examination, these witnesses were asked as to whether or not they had heard about appellant's having been convicted of theft. That such cross-examination was permissible, as going to test the soundness of the opinion expressed by the witnesses, and their sincerity and credibility, is established by an abundance of authority. Schroeder v. State, 142 Tex. Cr. R. 443, 154 S. W. (2d) 480, and authorities there cited.

The cross-examination of the witness Howell, who attested, upon direct examination, appellant's good reputation for being a peaceable and law-abiding citizen, revealed that his testimony was based upon what the witness knew of the appellant personally and not upon appellant's reputation generally. The appellant, in the light of this limitation in the witness' testimony, sought to show, by the witness, that appellant had a good credit record with a credit association, and that appellant had been extended loans and lines of credit. The State's objection to such proof as not being a proper method of proving general reputation was sustained. Such ruling was proper, because reputation is not established by the individual opinion or idea of the witness. Reputation is what the people generally think and state about a person. Prater v. State, 104 Tex. Cr. R. 669, 284 S. W. 965.

Appellant's objection to the cross-examination of the character witnesses Howell, Montgomery, and Richardson, as to information on their part of appellant's prior conviction for stealing, because it had not first been shown that appellant had in fact been convicted of such offense, was properly overruled in view of the fact that the State did prove, as we have heretofore pointed out, that appellant had been so convicted.

The State, over appellant's objection, was permitted to prove, by the physician who attended the injured party, the nature, extent, and seriousness of the wound inflicted by the pistol shot. The objection to such proof was that it was speculative and was highly prejudicial. The testimony was admissible under the general rule, as stated in 22 Tex. Jur. p. 735, that an expert may state the effect of the wounds inflicted on the person assaulted and may express his opinion as to whether a particular wound was serious bodily injury. The rule stated is deemed especially applicable here, because aggravated assault was an issue in the case, and which issue was submitted to the jury.

Several bills of exception appear complaining of argument of State's counsel. In view of the conclusion we have reached,

no useful purpose would be served to here set out the arguments complained of. Except in extreme cases, argument of State's counsel does not constitute reversible error unless it is manifestly improper or violates some mandatory statute, or unless some new fact is injected into the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. (2d) 641; Newchurch v. State, 135 Tex. Cr. R. 619, 121 S. W. (2d) 998; Clark v. State, 144 Tex. Cr. R. 173, 161 S. W. (2d) 1072; Brocker v. State, 144 Tex. Cr. R. 283, 162 S. W. (2d) 408; Jordan v. State, 144 Tex. Cr. 499, 164 S. W. (2d) 680. The arguments here complained of do not fall within the rule stated. Moreover, in some instances, the argument complained of was withdrawn from the jury's consideration. The argument so withdrawn was not of such a nature as to constitute reversible error notwithstanding.

A bill of exception appears complaining of the method employed, as well as the questions asked, by State's counsel, in cross-examining the appellant. If the questions were answered, the bill of exception does not so reflect. Appellant's complaint, then, rests in the mere asking of the questions, and which, of and within themselves, do not reflect that they were improper. The bill of exception fails to set forth any of the surrounding facts or circumstances, and, in the absence of some showing that the questions propounded were in fact prejudicial and unwarranted, reversible error is not reflected.

Other bills of exception not covered by the conclusions here expressed are overruled without discussion.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant files an exhaustive motion for a rehearing, which is but, in the main, a reiteration of his contentions in his original brief herein. It would serve no useful purpose in writing upon matters set forth in the original opinion.

We have again gone over the record carefully, and see no reason to change our views relative thereto.

The motion will therefore be overruled.