16263

STATE v. SMITH

(55 S. E. (2d) 343)

*Mr. John M. Schofield,* of Walhalla, *for Appellant,*

*Mr. Rufus Fant, Solicitor,* of Anderson, for Respondent,

September 14, 1949.

TAYLOR, Justice.

The appellant, Milton Smith, was tried and convicted on March 2, 1948, by the Court of General Sessions for Oconee County upon an indictment charging him with driving an automobile while under the influence of intoxicating liquors.

Notice of intention to appeal was duly served and appellant now comes before this Court upon exceptions which present first the question of whether it was error to allege in the indictment that the offense charged was a second offense. Section 1004 of the Code of 1942 provides: "Every objection to any indictment for any defect appearing on the face thereof shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn, and not afterwards."

No such demurrer was taken or motion made. It is well established law that under this situation appellant is precluded from raising this question for the first time upon appeal to this Court. The most recent case on this point is *State v. Phillips,* S. C. 1949, 54 S. E. (2d) 901.

The next question is whether or not the Trial Judge should have directed a verdict of not guilty. The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Roddey,* 126 S. C. 499, 120 S. E. 359; *State v. Villepique,* 127 S. C. 392, 121 S. E. 258; *State v. Walker,* 138 S. C. 293, 136 S. E. 215.

On appeal from the refusal of the Court to direct a verdict, the evidence and the inferences which may be reasonably drawn therefrom, must be viewed in the most favorable light for the state. *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Turner,* 117 S. C. 470, 109 S. E. 119; *State v. Quinn,* 111 S. C. 174, 97 S. E. 62,

3 A. L. R. 1500; *State v. Epes,* 209 S. C. 246, 39 S. E. (2d) 769.

Considering the evidence in the light of the foregoing, we are of the opinion that the case should have been submitted to the jury and that there was no error in the trial thereof.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.