## 16551

### STATE v. McABEE

(67 S. E. (2d) 417)

*Messrs. James J. Raman* and *Douglas O. Jones,* of Spartanburg, *for Appellant,*

*Mr. Paul L. Taylor,* County Solicitor, *of Spartanburg,* for *Respondent.*

October 5, 1951.

Oxner, Justice.

Upon an indictment charging that on February 22, 1951, appellant drove a motor vehicle on a public highway while under the influence of liquor or some narcotic drug, he was tried in the County Court of Spartanburg and found guilty by a jury on March 6, 1951. On the basis that this was a third offense, a sentence of imprisonment for a term of three years was imposed. On the following day appellant moved to set aside the sentence upon the ground that the offense for which he was convicted was not a third but a second offense and, therefore, the sentence imposed was excessive. The motion was denied and this appeal followed.

Under the terms of Section 57(g) of Act No. 281 of the 1949 Acts of the General Assembly, 46 St. at L. 466, the punishment for driving a vehicle while under the influence of intoxicating liquor or narcotic drugs is as follows: "(1) By a fine of not less than fifty ($50.00) dollars, or more than one hundred ($100.00) dollars; or imprisonment for not less than ten (10) days nor more than thirty (30) days, for the first offense. (2) By a fine of not less than one thousand ($1,000.00) dollars, or imprisonment for one year, or both for the second offense. (3) By a fine of not less than two thousand ($2,000.00) dollars, or imprisonment for three years, or both for the third offense. (4) By a fine of not less than three thousand ($3,000.00) dollars or imprisonment for four years, or both, for the fourth offense or any subsequent offense."

It appears that on November 10, 1947, appellant was tried and convicted in the recorder's court of the City of Spartanburg for driving an automobile under the influence of intoxicants and was sentenced to imprisonment for a term of thirty days or to pay a fine of $100.00. On August 29, 1949, he was convicted in a magistrate's court of Spartanburg County for a similar offense and sentenced to pay a fine of $50.00 or to imprisonment for a period of thirty days.

The first question raised is that the County Court was without jurisdiction because there was no allegation in the indictment that there had been a former conviction of the offense charged. It is said that the mere allegation that the defendant was driving a motor vehicle while under the influence of intoxicants would imply only a first offense which would not be within the jurisdiction of the County Court. The record shows that this question was not raised until after appellant was convicted. For the reasons so clearly pointed out in the opinion of Mr. Justice Taylor, the objection was made too late.

The next question is whether the Court erred in sentencing appellant on the basis that his conviction constituted a third offense. It is argued that the only

lawful prior conviction was that before the city recorder and that the proceedings in the magistrate's court are null and void because that court was without jurisdiction to try appellant as a second offender. It is true that the punishment for a second offense of driving an automobile under the influence of intoxicants exceeds the jurisdiction of a magistrate's court, which is limited to cases where the punishment does not exceed a fine of $100.00 or imprisonment for thirty days, but there is nothing in the record to show that the magistrate undertook to try appellant as a second offender. The proceedings of that trial are not included in the record. Their validity will be presumed. Accordingly, it is proper to assume that appellant was tried as a first offender before the magistrate, the punishment for which was within his jurisdiction. Evidently either the fact of appellant's prior conviction was concealed from the magistrate or there was an agreement that he should only be tried as a first offender. In either event, appellant is in no position to complain of the act of grace extended to him during that trial. Presumably he served the time imposed by the magistrate or paid the fine. The case is ended. But if, as appellant contends, the trial before the magistrate was a nullity because of lack of jurisdiction, he would now be again subject to prosecution for the offense tried in that court. Would such a prosecution lie under the foregoing circumstances? We think not.

In support of the foregoing conclusion, see *Anderson v. McClintic,* 115 W. Va. 329, 175 S. E. 857; *Kelley v. Commonwealth,* 140 Va. 522, 125 S. E. 437; *Lutz v. State,* 146 Tex. Cr. R. 503, 176 S. W. (2d) 317.

The final question is whether the conviction before the magistrate may be counted as a second offense when appellant was only tried in that court as a first offender. We think it can. There is no provision in the statute which requires that a defendant shall be convicted and sentenced as a second offender before he can be sentenced as a third offender. The statute merely requires that there should

be two previous convictions. It is wholly immaterial whether defendant, on the second conviction, had his penalty increased by reason of his first conviction. The statute is concerned with prior convictions and not the sentences under those convictions. The right of the State to have appellant sentenced as a third offender is not contingent upon the penalties imposed for his former convictions but upon the fact that he has been previously twice convicted of driving a motor vehicle while under the influence of intoxicants. As said in *Graham v. West Virginia*, 224 U. S. 616, 32 S. Ct. 583, 585, 56 L. Ed. 917: "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted."

Related statutes in other jurisdictions have been similarly construed. In 24 C. J. S., Criminal Law, § 1960(a), page 1148, it is stated: "That accused had not previously been convicted as a second or third offender has been held not to preclude the court from sentencing him as a third or fourth offender where the previous convictions were established."

In *Cacciola v. State*, 36 Ohio App. 411, 172 N. E. 701, 702, the defendant was indicted as a third offender for the unlawful possession of intoxicating liquor. The State produced two prior convictions but the defendant contended with respect to the second conviction relied on by the State that he was only tried as a first offender. In holding that the last mentioned offense should be counted as a second offense, the Court said:

"It is claimed that because that offense was denominated a first offense in the foregoing journal entry, and defendant was not guilty of any offense between that date and the offense charged at the trial of this case, he could not properly be convicted of a third offense.

"We do not agree with this contention. There can be no question that he was found guilty of two offenses before the one for which he was being tried, and it does not make any difference whether they were denominated first or second offenses; there were two of them, and the one upon which he was being tried was the third, and was so charged, and he was properly found guilty of that offense.

"To be a third offense, all that is necessary is to charge and establish that there have been two previous convictions of a violation of said statute; it is not necessary that there be a conviction for a first offense and then a conviction for a second offense as such; a conviction counts as an offense whether it be denominated a first or a second one, and the right to impose a penalty for a third offense is not affected by the penalties provided by law for prior convictions."

Substantially the same question was before the Court in *People v. Gonzales,* 88 Cal. App. 245, 262 P. 1115, 1116, where the defendant was prosecuted as a fourth offender for violating the liquor law. She contended that she could not be sentenced as a third or fourth offender because she had never been charged and convicted as a second offender. In denying this contention, the Court said: "Manifestly, it is within the spirit of the law in question that after a defendant has been convicted for each of two separate violations of the provisions of the statute, on conviction of the commission by him of a subsequent offense, he shall be subjected to more rigorous punishment than could be meted out to him for either of his former convictions. The fact that in the prosecution of the defendant for the commission of his second offense the prosecuting officer has failed to ascertain and to plead that the defendant theretofore has been convicted of a similar violation of the provisions of the statute, in effect, is merely an oversight amounting to an act of grace accruing to the defendant through the omission of the prosecuting officer, and of which, on the prosecution of the defendant for the commission of a third offense, the defendant should not be permitted to take advantage."

To the same effect see *Brown v. Commonwealth,* 119 Ky. 670, 61 S. W. 4.

All exceptions are overruled and the judgment of the Court below affirmed.

FISHBURNE and STUKES, JJ., concur.

BAKER, C. J., and TAYLOR, J., dissent.

TAYLOR, Justice (dissenting).

I regret very much that I am unable to agree with the majority opinion in this case.

The "Statement" in the transcript of record appears as follows:

"The appellant, Herbert McAbee, was indicted for driving a motor vehicle on a public highway while under the influence of whiskey or some narcotic, was tried by a jury on March 6, 1951, and found guilty. The indictment did not allege that this was a second or subsequent offense. The appellant was sentenced to serve three (3) years in the South Carolina State Penitentiary.

"On March 7, 1951, motion to re-open the case for the purpose of sentencing was made and denied. Due notice of intention to appeal to the Supreme Court was given.

"The appellant was tried and convicted on November 10, 1947, in the Spartanburg, South Carolina, City Recorder's Court for driving on November 8, 1947, while under the influence of intoxicants; the sentence of the Recorder's Court was the service of thirty (30) days or the payment of One Hundred ($100.00) Dollars.

"On August 29, 1949, the appellant was sentenced to serve thirty (30) days or pay a fine of Fifty ($50.00) Dollars by Magistrate Esten C. Taylor, Esquire, for driving under the influence of intoxicants."

The exceptions present first the question of whether the County Court had jurisdiction where the indictment merely alleged that the defendant was driving under the influence

of intoxicants and did not allege that it was a second or subsequent offense. The pertinent part of the indictment reads as follows: "* * * that he did willfully operate a motor vehicle on a public highway while under the influence of whiskey or some narcotic, * * *." Section 1004 of the Code of 1942 sets forth the manner in which objections to an indictment shall be made, and this procedure was not followed in the instant case. The proper time to have raised such issue was prior to the swearing of the jury, objection to be taken by demurrer or motion to quash the indictment. Appellant having failed to raise the issue below is precluded from doing so here. *State v. Smith*, 215 S. C. 387, 55 S. E. (2d) 343. This renders unnecessary a consideration of whether the rule as set forth in *State v. Parris,* 89 S. C. 140, 71 S. E. 808, would be applicable in the matter before us.

There remains the propriety of the imposition of sentence in accordance with Section 57(g)(3) of Act 281, at page 485, 1949 Acts and Joint Resolutions, where the two prior convictions were both had in courts of inferior jurisdiction. Appellant contends that Magistrate Taylor lacked jurisdiction by reason of the fact that the offense there was a second offense, the penalty for which is imprisonment of one year or the payment of a fine of not less than $1,000.00, or both, while the magistrate's court jurisdiction is limited by Section 923 of the Code of 1942 and Article V, Section 21, of the Constitution of 1895, to those cases where the punishment does not exceed $100.00 or imprisonment for 30 days. In our opinion appellant's contention on this score is correct, for, in view of his first conviction in the Recorder's Court, when appellant was brought before Magistrate Taylor it was upon a charge which could have resulted in sentence of one year imprisonment or fine of $1,000.00. This clearly places the offense beyond the magistrate's court. *State v. Mellette,* 106 S. C. 224, 91 S. E. 4.

Such lack of jurisdiction renders the purported conviction before Magistrate Taylor a nullity. As stated in 21 C. J. S.,

Courts, § 116: "Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void, not voidable, even prior to reversal, whether the lack of jurisdiction appears on the face of the record or by proof outside of it; * * *."

It matters not that the validity of the purported conviction is questioned here rather than in some manner in that cause, for a failure of jurisdiction of the subject matter can never be waived and may be raised at any time. 14 Am. Jur., Criminal Law, Sec. 214. Nor is such purported conviction immune to collateral attack for such immunity presumes jurisdiction of the offense charged. 15 Am. Jur., Criminal Law, Sec. 504. The orderly administration of justice requires that the fatal defect of failure of jurisdiction of subject matter be noticed wherever found for this is an essential ingredient of any act by any court. Particularly is this so where there is involved a penal statute which must require a strict construction. In this connection it is worthy of note that in *Smith v. State*, 75 Fla. 468, 78 So. 530, it is held that the word "convicted", as used in the statute denouncing the sale of intoxicating liquors as a second offense in a county which had voted against the sale of such liquors, meant adjudication by a court of competent jurisdiction of the defendant's guilt. Although the provisions of Section 57(g), *supra*, defining what shall constitute an offense are rather broad, yet, as here, where the purported conviction for a prior offense is a nullity and void, it cannot be considered for the purpose of making the crime here charged a third offense. An exhaustive discussion of cases wherein increased penalty is provided for subsequent offenses is found in 116 A. L. R. 209, supplementing 58 A. L. R. 20, and 82 A. L. R. 345.

For the reasons cited above, appellant's motion that he be re-sentenced in accordance with the provisions of Section 57(g)(2), *supra*, as a second offender, should have been granted, since he had not prior to the instant conviction been

convicted of a second offense as contemplated by the statute; and the sentence herein imposed is erroneous.

The conviction of appellant herein should be affirmed, the sentence imposed set aside, and the case remanded to the Spartanburg County Court for re-sentencing within the limits of the statute as respects a conviction for a second offense.

BAKER, C. J., concurs.