WIMBERLY *v.* STATE

5179                                                                399 S. W. 2d 274

Opinion delivered February 21, 1966

*Robert L. Shaw,* for appellant.

*Bruce Bennett,* Atty. General, *R. E. "Skip" Wallin,* Asst. Atty. General, for appellee.

FRANK HOLT, Justice. An information was filed against appellant charging him with the sale of intoxicating liquor in violation of Ark. Stat. Ann. § 48-803 (Repl. 1964) and, further, alleging two or more previous convictions under the provisions of this statute. Upon

trial the jury was instructed that it could find the appellant guilty under the felony provisions of this statute. The jury found appellant guilty of a felony and assessed a five-year penitentiary sentence. A judgment was entered accordingly.

On appeal appellant first contends for reversal that the trial court's instructions "pertaining to a felony offense were given in error when proof failed to show conviction as a second offender." Appellant argues that in the absence of proof of his conviction as a "second offender" he could not be convicted as a felon under the terms of Ark. Stat. Ann. § 48-803. The statute, in pertinent part, reads:

> "* * * upon first conviction, be deemed guilty of a misdemeanor and shall be fined not less than one hundred ($100.00) dollars, nor more than one thousand ($1,000.00) dollars: for a second conviction, shall be fined not less than two hundred ($200.00) dollars, nor more than two thousand ($2,000.00) dollars; and for any subsequent conviction, shall be guilty of a felony and shall be sentenced to not less than one 1 year nor more than five [5] years in the State Penitentiary."

We cannot agree with appellant's contention. The requirement of our statute is that there must be two previous convictions before a subsequent conviction becomes a felony. There is no requirement that a defendant shall be convicted as a second offender before the felony provision applies. Our statute is concerned with prior convictions and not the sentences imposed under those convictions. The general rule is stated in 24B C. J. S., Criminal Law, § 1960 (1). See, also, *State* v. *McAbee,* 67 S. E. 2d 417 (S. C. 1951); *People* v. *Gonzales,* 262 P. 1115, (Cal. 1928); and *State* v. *Clague,* 68 So. 2d 746 (La. 1953). In *Cacciola* v. *State,* 172 N. E. 701 (Ohio 1930), the defendant was charged as a third offender for the unlawful possession of intoxicating liquor. There it was aptly said:

"To be a third offense, all that is necessary is to charge and establish that there have been two previous convictions of a violation of said statute; it is not necessary that there be a conviction for a first offense and then a conviction for a second offense as such; a conviction counts as an offense whether it be denominated a first or a second one, and the right to impose a penalty for a third offense is not affected by penalties provided by law for prior convictions."

In the case at bar two prior convictions were alleged in the information, details of the convictions were revealed in a bill of particulars, and sufficient evidence was adduced. Therefore, the court correctly gave instructions relating to the felony provisions of the statute.

Appellant also contends that the trial court erroneously permitted the state to reopen its case shortly after announcing "the state rests" in order to present proof of prior offenses. Appellant objected and then moved for a directed verdict which the court refused. This was not prejudicial to the appellant as the trial court only permitted the prosecution to complete its case before appellant proceeded with his defense. It is within the trial court's sound discretion, in the furtherance of justice, to permit the state to present other witnesses after the state has rested where the circumstances are such as not to prejudice the defendant through surprise or otherwise at a time when the disadvantage cannot be overcome. *Anglin* v. *State,* 215 Ark. 49, 219 S. W. 2d 421. See, also, Ark. Stat. Ann. § 43-2114 (Repl. 1964). There was no abuse of discretion in the case at bar.

It was also proper for the state to introduce evidence of the appellant's general reputation with reference to violations of the liquor laws. Ark. Stat. Ann. § 48-940; *Thompson* v. *State,* 225 Ark. 1059, 287 S. W. 2d 465.

This opinion is not to be construed as modifying in any manner our very recent opinion in *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601. The issue involved there was not raised in the instant case which was tried before our opinion in *Miller* was delivered.

Having carefully examined appellant's assignment of errors and finding no merit in any of them, the judgment is affirmed.

Affirmed.