JAMES MOORE V. THE STATE.

No. 22840. Delivered May 3, 1944.

The opinion states the case.

J. G. Minkert, of Bryan, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a period of five years.

The facts, briefly stated, are as follows: Appellant and the deceased, Clint Jackson, resided on adjoining lots in Sunset Addition to the town of Bryan, Texas. There had been some dispute between them as to the location of the boundary lines and corners of their respective lots. On the afternoon of the day of the homicide, the deceased had set a post at a point which appellant claimed was on his property; that when appellant saw the post, he pulled it up; that when the deceased returned to his home, he noticed that the post had been removed and made some inquiry as to who did it and learned that appellant had pulled it up. The deceased then took a ground auger and went to the place where he had theretofore set the post, with a view of resetting it. At this juncture appellant appeared on the scene with a double-barreled shotgun and commanded the deceased to desist and leave. The deceased sensed the danger and started back to his cabin when appellant shot him twice in the back, from the effect of which death resulted in a short time.

Appellant filed a plea for a suspension of sentence in the event of his conviction. He testified that he had not theretofore been convicted of a felony. He admitted, however, that when the deceased came to set the post in the ground he took his shotgun and told him to leave and not replace the post; that when the deceased started towards his home he shot him twice.

Appellant brings forward but one complaint and that relates to the following remarks made by the Assistant County Attorney:

"A reasonable man would, under the facts of this case, have resorted to a suit of forcible detainer, or a suit of trespass to try title in order to protect his possession of the land and premises owned by him."

He contends that this constitutes reversible error, and cites us to Article 1227, P. C., which has reference to corporeal property. Section 4 thereof reads as follows:

"Every other effort in his power must have been made by the possessor to repel the aggression before he will be justified in killing."

It will be noted that under the facts of this case, appellant could not draw much comfort from said article. He also cites us to the case of Hopkins v. State, 53 S. W. 619; Ross v. State, 10 Tex. Cr. App. 455; and Sims v. State, 36 Tex. Cr. R. 154.

In the case of Ross v. State, supra, Judge Hurt, among other things, said:

"If a person resisting a trespass upon his property makes use of a deadly weapon, and with it kills the trespasser, it is murder, while in the other case it is ordinarily but manslaughter."

In the case of Hopkins v. State, supra, the deceased, by force and threats, undertook to take a gun from the appellant's possession. Hence that case is easily distinguishable from the instant case. So is that of Sims v. State, supra. These cases are of no avail to him under the claimed error. At any and all events, we fail to see how the argument complained of had such prejudicial effect as would require a reversal of the case. It did not violate any mandatory provision of any statute, nor was it of such inflammatory nature as was calculated to arouse prejudice in the minds of the jury to his injury. See Clark v. State, 161 S. W. (2d) 1072. Under the facts of the case, the verdict of the jury shows that they were rather lenient and tempered justice with mercy.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.